J-A02027-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
  :         PENNSYLVANIA
  :
        v.   :
  :
  :
  :
CHRISTOPHER JAMES CORDER   :
  :
        Appellant   :   No. 1015 WDA 2017

Appeal from the Order Entered June 28, 2017
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-SA-0000074-2017

BEFORE: BOWES, J., OLSON, J., and KUNSELMAN, J.

MEMORANDUM BY OLSON, J.:           **FILED JANUARY 19, 2018**

Appellant, Christopher James Corder, purports to appeal from the trial court's order dated June 26, 2017[1] which found him guilty of one count of driving under a suspended license.[2] We quash this appeal.

Appellant was charged with the summary offense of driving under a suspended license. On April 6, 2017, a hearing was held before the magisterial district judge at which time Appellant was convicted and sentenced to 60 days' incarceration, plus ordered to pay a fine and costs.[3]

_____

[1] The trial court's order was dated June 26, 2017 but was not entered on the docket until June 28, 2017. We have amended the caption accordingly.

[2] 75 Pa. C.S.A. § 1543.

[3] During the trial _de novo_ before the court of common pleas, there was some indication that Appellant may have pled guilty before the magisterial district judge. N.T., 6/26/17 at 5-6. The certified record does not make it clear
(Footnote Continued Next Page)

Appellant appealed his summary conviction to the court of common pleas and a *de novo* trial was held on Monday, June 26, 2017.

At the trial *de novo*, the Commonwealth called Officer James Constable who testified that, during his investigation of a domestic disturbance, he was told that Appellant was driving with a suspended license. N.T., 6/26/17, at 3-4. This information led Officer Constable to a local Sheetz convenience store where he obtained a surveillance video that showed Appellant driving his vehicle to and from the store. *Id.* at 4. Following Officer Constable's testimony, the trial court indicated that it was reserving judgment until it had an opportunity to review the video. *Id.* at 7. The following exchange then occurred:

> THE COURT: Now, what I'm going to do is, I'm going to look at this [video] and then I want to sentence [Appellant]. And he's – if I convict him to be going directly to jail. **So we should set a date for potential sentencing?**
>
> [DEFENSE COUNSEL]: Well, your Honor, we would ask for the [c]ourt [to] consider giving him EM for some period of time so he can keep his job.
>
> THE COURT: If he drove – unless there's some – first of all, sometimes there are extraordinary events. Sometimes poor people get encumbered in the justice system and buried under fines they can never get out from underneath. And I suppose, theoretically, I could have a modicum of understanding in that, but if this is just him being suspended DUI-related, operating a vehicle, then I think the legislative command of 30 days in jail

*(Footnote Continued)* ───────────────

whether Appellant pled guilty or was found guilty by the magisterial district judge following a hearing.

- 2 -

fits the matter perfectly. . . . **So here's where we are, what day this week do you want to come in for sentencing with [Appellant] assuming I find him guilty,** . . . because until I look at that video, I don't know what I'm going to do. **But I want to have him here for sentencing if that's what we're going to do. Tuesday? Wednesday? Or Thursday?**

[DEFENSE COUNSEL]: Thursday would work best for me.

THE COURT: **See you Thursday at 8:45. And I'll call you if I don't find him guilty.**

DEFENSE COUNSEL: Okay.

THE COURT: All right. I'll take a look at it. **So I am continuing this for review of the evidence by the [c]ourt, and we'll have a verdict, if necessary, and sentencing on Thursday.**

*Id.* at 8-9 (emphasis added). As previously noted, the trial court entered a written order dated June 26, 2017 – the date of the *de novo* trial – finding Appellant guilty. There is nothing in the certified record indicating that Appellant appeared for sentencing on Thursday, June 29, 2017 as ordered by the trial court, or that sentence was, in fact, imposed.

On July 10, 2017, Appellant filed a notice of appeal from the order finding him guilty. The trial court ordered a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b) and Appellant complied by filing a timely statement raising several errors by the trial court. In its opinion filed pursuant to Pa.R.A.P. 1925(a), the trial court noted that neither Appellant nor his counsel appeared on June 29, 2017 for sentencing and that Appellant appealed before sentencing could be re-scheduled. Trial Court Opinion, 8/10/17, at 1. Thus, the trial court posits that no judgment

- 3 -

of sentence was entered and Appellant's appeal is, therefore, premature. We agree.

Rule 720(D) of the Pennsylvania Rules of Criminal Procedure provides:

> **(D) Summary Case Appeals.** There shall be no post-sentence motion in summary case appeals following a trial *de novo* in the court of common pleas. The imposition of sentence immediately following a determination of guilt at the conclusion of the trial *de novo* shall constitute of final order for purposes of appeal.

Pa.R.Crim.P. 720(D). The comment to Rule 720 makes clear that "[t]he time for appeal in summary cases following a trial *de novo* runs from the imposition of sentence." Pa.R.Crim.P. 720, cmt. As our Supreme Court has stated, "[w]ith limited exceptions, Pennsylvania law permits only appeals from final orders. **See** Pa.R.A.P. 341 ("[A]n appeal may be taken as of right from any final order.")" **Commonwealth v. Harris**, 32 A.3d 243, 248 (Pa. 2011). Here, Appellant was found guilty of driving under a suspended license but was never sentenced. Thus, no final order was entered from which an appeal may lie. Accordingly, we must quash this appeal.

Appeal quashed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/19/2018